# The Inhabitants of the County of WORCESTER
## *versus*
## The Inhabitants of LEICESTER.

A petition was presented by a town, to tne county commissioners, for the empanelling of a jury to alter the location of a highway laid out by the county commissioners through a farm belonging to the town, and to assess the damages thereby occasioned, and if the jury should not alter the location, then to assess the damages which the town would be entitled to receive for the injury to their farm. The jury returned a verdict, that they were unable to agree upon any location of the highway, and assessed the damages sustained by the town, in consequence of the location by the county commissioners. The verdict was returned to the Court of Common Pleas, and, the town having, in writing, withdrawn their claim for a jury in relation to the alteration of the location, was accepted. It was *held*, that the jury were authorized to assess such damages, although they were unable to agree upon any location of the road ; that the acceptance was legal ; and that the town was entitled to judgment for the damages so assessed.

PETITION for certiorari. At a meeting of the county commissioners on the fourth Tuesday of December, 1832, the respondents presented a petition praying that a jury might be empannelled to make an alteration, if they should see fit, in the location of a highway, which had been laid out by the county commissioners, in the towns of Leicester and Paxton, and to assess the damages thereby occasioned. The respondents further represented in their petition, that they were the owners of a farm through which the highway had been located, and that they had not been allowed an adequate sum in damages, for the injury sustained by them as such owners, in consequence of such location, and they therefore prayed, that the same jury, if they did not alter the location of the highway, might go on and assess the damages, which the respondents should be entitled to receive for the injury to their farm. In pursuance of this petition, a warrant was issued for the summoning a jury to inquire into and finally determine the matter as to the location of the highway, and the damages sustained by the petitioners by such location.

The jury were empannelled, and returned a verdict, that, being unable to agree upon any location of the road, they could not determine finally the matter, as to such location ; and that they had agreed that the damages which the town

County of
Worcester
  *v.*
Leicester.

of Leicester would sustain by the location of the road through the farm, as made by the county commissioners, amounted to the sum of $295·12.

This verdict was returned to the Court of Common Pleas. At the December term of that court in 1833, the attorney of the respondents filed a motion for the acceptance of the verdict, in which they withdrew their claim for a jury in relation to the subject of the location of the highway, as fixed by the county commissioners, and the court accepted the verdict so far as it respected the damages.

The present petitioners prayed for a certiorari, for the following reasons :

1. Because the jury could not lawfully assess damages, till they had agreed upon a new location, or confirmed by their verdict the location made by the county commissioners.

2. Because a verdict should be accepted or set aside ; it cannot be accepted in part and rejected in part.

*Oct. 6th.*  *Isaac Davis*, for the present petitioners, cited, as to the first reason, *St.* 1786, *c.* 67 ; *St.* 1802, *c.* 135 ; *St.* 1818, *c.* 121, § 2 ; *St.* 1827, *c.* 77 ; *Merrill* v. *Berkshire*, 11 Pick 269 ; as to the second reason, *St.* 1827, *c.* 77, § 12 ; *Edie* v. *East India Company*, 2 Burr. 1224.

*Washburn*, contrà, cited as to the second reason, *Hancock* v. *Haywood*, 3 T. R. 435, note ; Com. Dig. *Pleader* S, 19 ; *Frederick* v. *Lookup*, 4 Burr. 2018.

*Oct. 7th.*  WILDE J. delivered the opinion of the Court. We are clearly of opinion, that neither of these exceptions to the proceedings is well founded.

The town, no doubt, might have well objected to the verdict, because they had a right to have the question as to the location settled by a jury. But as they waived their claim, as to the question of location, there could be no reason given, why they should not have judgment for their damages. If there are two counts in a declaration and a verdict is returned as to one count only, no doubt the plaintiff may enter a *retraxit* as to the other count, and the verdict would be regular.

As to the exception, that the verdict was accepted in part, t appears that it was accepted as to damages, and the verdict is limited to that inquiry.

*Petition dismissed*